IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER MAKUSI OTEMBA OWUOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:14-CV-320-WHA |
| | )                [WO] |
| SHERIFF OF MONT. CO., D.T. | ) |
| MARSHALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this complaint on May 1, 2014. At the time of filing Plaintiff was incarcerated at the Montgomery County Detention Facility in Montgomery. Alabama. On May 5, 2014, the court directed Plaintiff to file an amended complaint as further set forth therein. *Doc. No. 4*. Plaintiff's copy of the May 5 order was returned to the court on May 9, 2014, marked as undeliverable because Plaintiff had been released from custody. On June 23, 2014, Plaintiff submitted a notice of change of address. *Doc. No. 7*. The court then granted Plaintiff an extension of time to and including July 9, 2014, to file an amended complaint as previously directed. *Doc. No. 8*. On July 14, 2014, Plaintiff requested additional time to file an amended complaint as ordered. *Doc. No. 9*. The court granted Plaintiff an extension to and including July 21, 2014, to submit his amended complaint. *Doc. No. 10*. On August 5, 2014, the court directed Plaintiff to show cause why this action should not be dismissed for his failure to comply with the orders of the court. *Doc. No. 11*. On August 18, 2014, Plaintiff filed an untimely response on to the court's August 5 order

seeking yet a further extension to file his amended complaint. *Doc. No. 12*. The court granted Plaintiff's request on August 19, 2014, and directed he file his amended complaint by August 25, 2014. *Doc. No. 13*. The August 19 order cautioned Plaintiff "that his failure to comply with the filing deadline set forth in the [] order w[ould] result in a Recommendation that this action be dismissed without further notice from the court. *Id*. The requisite time has passed and Plaintiff has failed to comply with the orders of the court that he file an amended complaint.

The court has reviewed the file in this matter and finds that dismissal of this case is the proper sanction. Plaintiff has exhibited a lack of respect for this court and its authority as he has failed on numerous occasions to comply with the directives of the orders entered in this case within the time allowed. A court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order pursuant to Fed. R. Civ. P. 41(b). *See Link v. Wabash R.R.,* 370 U.S. 626, 633 (1962); *World Thrust Films, Inc., v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995). In light of the foregoing, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to prosecute this action and comply with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and comply with the orders of this court.

It is further

ORDERED that Plaintiff may file an objection to the Recommendation on or before **October 13, 2014**. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar Plaintiff from a *de novo* determination by the District Court of issues covered in the report and shall bar Plaintiff from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 26th day of September 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE